UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - :
JESSE JAMES PERKINS,                     :   00 Civ. 1691 (LTS) (JCF)
                                         :
              Plaintiff,                 :      REPORT AND
                                         :      RECOMMENDATION
    - against -                          :
                                         :
C.O. OBEY, KHEE TINT MAW, M.D., and      :
N.Y.S. DEPARTMENT OF CORRECTIONS,        :
                                         :
              Defendants.                :
                                         :
- - - - - - - - - - - - - - - - - - - - :
TO THE HONORABLE LAURA T. SWAIN, U.S.D.J.:

Jesse James Perkins brings this prisoner's civil rights action pursuant to 42 U.S.C. § 1983. In prior pleadings, Mr. Perkins dropped claims against Corrections Officer Robert Obey and the New York State Department of Corrections. Following the completion of discovery, the remaining defendant, Dr. Khee Tint Maw, moved for summary judgment. The plaintiff requested and received an extension of time to answer the motion. Now, however, he has requested that his case be dismissed. (Letter of Jesse Perkins dated Dec. 20, 2005). Specifically, he states, "In light of the defendant's summary judgment motion I do not believe that I will be successful, and I do not wish to take up any more of the Court's time with this matter."

The dismissal of an action is governed by Rule 41 of the Federal Rules of Civil Procedure. Pursuant to Rule 41(a)(2), a complaint may be dismissed at the request of the plaintiff upon

1

such conditions as the court deems proper.  Unless otherwise specified, such a dismissal is without prejudice.  Here, the plaintiff's candid reference to the probability that he will not succeed on the merits implies that he is seeking dismissal with prejudice.  See GF Gaming Corp. v. City of Black Hawk, Colorado, 405 F.3d 876, 887-88 10th Cir. 2005) (district court properly exercised discretion in interpreting plaintiff's request as one for dismissal with prejudice).  Even if he were not, it would be appropriate in the circumstances of this case to convert his application to a motion for dismissal with prejudice.  See Gravatt v. Columbia University, 845 F.2d 54, 55-56 (2d Cir. 1988) (court may convert motion to withdraw complaint without prejudice into motion to dismiss with prejudice).  Discovery has been completed, multiple motions have been decided, and the remaining defendant has submitted a motion for summary judgment.  Clearly, this defendant would be prejudiced if the case were dismissed without prejudice, allowing the plaintiff the opportunity to refile the complaint.  I therefore recommend that the plaintiff's application be granted on the condition that the complaint be dismissed with prejudice, provided that the plaintiff does not object within ten (10) days to this result.  See id. (where court conditions grant of application by plaintiff to withdraw complaint on dismissal with prejudice, court must provide opportunity for plaintiff to withdraw application).

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Laura T. Swain, Room 1205, 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         January 2, 2006

Copies mailed this date to:

Jesse James Perkins
98-A-7050
Sullivan Correctional Facility
Box 116
Fallsburg, New York 12733

Maria B. Hartofilis, Esq.
Assistant Attorney General
120 Broadway
New York, New York 10271

3